# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| REGINALD C. HOWARD,<br><br>               Petitioner,<br>  v.<br>JAMES DZURENDA, et al.,<br><br>               Respondents. | Case No. 2:17-cv-00573-GMN-PAL<br><br>ORDER |

      Petitioner Reginald C. Howard has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His application to proceed *in forma pauperis* (ECF No. 1) shall be granted. It appears from the petition that it may be subject to dismissal as time-barred.

      The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

      In his federal petition, Howard states that a jury in state case no. 86C074681 found him guilty of possession of stolen property in June or July, 1988 (ECF No. 1-1, p. 4). Howard does not indicate on the face of the petition what date he dispatched it for mailing, but this court received it on February 21, 2017 (*see* ECF No. 1). It appears that the AEDPA one-year limitations period has long expired.

Howard may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his rights and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall **DETACH, FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) upon the respondents.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner files such proof, respondents shall have **twenty (20) days** to file a response to petitioner's proof.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling, the court will enter an order dismissing the petition.

DATED: 10 April 2017.

_____
GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT